IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA      )
                              )
v.                            )   CASE NO. CR418-200
                              )
RONNIE CLAYTON,               )
                              )
     Defendant.               )
                              )
```

## O R D E R

Before the Court is Defendant Ronnie Clayton's Motion for Compassionate Release. (Doc. 48.) The Government has opposed Defendant's motion. (Doc. 49.) For the following reasons, Defendant's motion (Doc. 48) is **DENIED**.

### BACKGROUND

In January 2019, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. 28.) Defendant was sentenced to 170 months' imprisonment. (Doc. 32.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at McCreary USP located in Pine Knot, Kentucky, with a projected release date of November 7, 2030. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 26, 2020).

### ANALYSIS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. (Doc. 48 at 1.) Defendant contends that he suffers from HIV and that the condition

makes him more vulnerable to COVID-19. (Id.) The Government concedes that Defendant has exhausted his administrative remedies. (Doc. 48 at 5 n.3.) However, the Government argues that Defendant's "medical condition does not appear to rise to the level of 'extraordinary and compelling' ". (Id. at 1.) The Court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

I.   ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

2

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he suffers from HIV. (Doc. 48 at 1.) Defendant's BOP medical records

show that Defendant is HIV positive. (Doc. 49, Attach. 4 at 11, 14.) In response, the Government recognizes that the CDC includes an immunocompromised state due to HIV as a condition that might render an individual at increased risk of severe illness from COVID-19. (Doc. 49 at 13.) However, the Government contends that Defendant has failed to demonstrate the Defendant is presently immunocompromised or suffering from any HIV-related symptoms. (Id.) In sum, the Government argues that while an immunocompromised state as a result of HIV would qualify as a "extraordinary and compelling reason" for compassionate release[1], Defendant has not provided any evidence that he currently has a compromised immune system or suffers from any HIV-related symptoms. (Id.) Moreover, the Government highlights that the BOP's medical records indicate that Defendant is asymptomatic and has never suffered from an HIV-related illness. (Doc. 49, Attach. 4 at 14.)

The Court agrees with the Government. The Court has reviewed the BOP medical records supplied by the Government and does not find any evidence that Defendant currently suffers from a compromised immune system that would place him at a higher risk of severe illness if he contracted COVID-19. Additionally, the

---

[1] The Court recognizes that the Government does not necessarily contend that those conditions that the CDC contends "might" place individuals at an increased risk of severe illness due to COVID-19 are, on their own, extraordinary and compelling reasons for compassionate release. For the purposes of this motion, however, the Court groups them together.

4

medical records indicate, as of February 2020, that Defendant is compliant with his medications. (Doc. 49, Attach. 4 at 12.) The Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court denies Defendant's motion.

II. CONSIDERATION OF THE SENTENCING FACTORS

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted extraordinary and compelling reasons for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

5

- B. to afford adequate deterrence to criminal conduct;
- C. to protect the public from further crimes of the defendant; and
- D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In January 2019, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. 28.) During his sentencing hearing, the Court noted Defendant's extensive criminal history

6

and the fact that Defendant is classified as a career offender. (Doc. 42 at 11-12.) The Court further noted that Defendant was under a criminal justice sentence for robbing a bank at the time he committed the instant bank robbery. (Id. at 12.) The Court found that Defendant's guidelines range was 151 to 188 months' imprisonment but felt that 170 months' imprisonment was sufficient to adequately reflect the seriousness of the offense conduct and to afford adequate deterrence to future criminal conduct. (Id. at 5, 12.)

While the Court is sensitive to the concerns that Defendant has for his health and safety due to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Considering the § 3553(a) factors, the Court is instructed to consider the need of the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). The Court does not find that the sentence imposed should be reduced. Reducing Defendant's sentence would not reflect the seriousness of the offense or provide just punishment. At this time, Defendant has ten years left on his sentence. Considering

7

the facts surrounding this offense, namely that Defendant robbed a bank by threatening that he had a gun and participated in a dangerous high-speed car chase where he eventually crashed into another vehicle and seriously injured the other driver, the Court finds that reducing Defendant's sentence to time served would not reflect the seriousness of the crime. Additionally, the Court finds that reducing Defendant's term of imprisonment would not adequately provide a deterrence to criminal conduct and would not promote respect for the law. As this Court discussed during Defendant's sentencing hearing, Defendant has an extensive criminal history that ultimately rendered him a career offender. (Doc. 42 at 12.) The factors weigh against reducing Defendant's sentence. Accordingly, the Court finds that a reduction in Defendant's term of imprisonment is not warranted at this time.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. 48) is **DENIED**.

SO ORDERED this 27th day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA